AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of California

**FILED**

FEB 1 2 2015

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK



| United States of America | ) | |
|---|---|---|
| v. | ) | |
| JOSE JAVIER ROSAS. | ) | Case No. 5:15-mj-00012-JLT |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __January 28, 2015__ in the county of __Kern__ in the __Eastern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18 U.S.C. § 39A<br>Penalty: 5 yrs in prison/$250,000 fine/$100 penalty assessment/3 years supervised release | Aiming a laser pointer at an aircraft or its flight path. |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Joshua Nicholson, Special Deputy US Marshal, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 2/12/15

_____
*Judge's signature*

City and state: Bakersfield, California

Jennifer L. Thurston, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ISSUANCE OF ARREST WARRANT

## AFFIDAVIT

I, Joshua Nicholson, being duly sworn, do hereby depose and state as follows:

## AFFIANT'S EXPERTISE

1. I am a Senior Deputy Sheriff employed by the Kern County Sheriff's Office, and have been so employed for approximately 12 years. I am currently assigned to the Federal Bureau of Investigation's (FBI) Joint Terrorism Task Force (JTTF), Bakersfield Residence Agency, at Bakersfield, California, and have been so assigned for the last six months.

2. As a part of my tenure with the FBI's JTTF, I have been deputized as a Special Deputy U.S. Marshal, pursuant to Title 28, Federal Code of Regulations, Sections 0.112 and 0.19A, and am charged with the duty of investigating violations of the laws of the United States, as stated in Title 28, Federal Code of Regulations. My responsibilities as a Special Deputy U.S. Marshal include investigating crimes of domestic terrorism to include offenses involving crimes against transportation systems and infrastructure protections, including the interference with flight crews.

3. I have assisted in the investigation of crimes involving laser devices on three separate occasions.

4. On or about March 7, 2014, I assisted in the investigation of a laser strike incident involving a green handheld laser device aimed at a Kern County Sheriff's Office helicopter flying routine patrol in Bakersfield, California. One adult subject was identified, arrested, charged and convicted in this district for violating Title 18, United States Code, Section 39A.

5. On or about May 8, 2014, I assisted in the investigation of a laser strike incident involving a green handheld laser device aimed at a privately-owned Cessna Aircraft conducting an approach for landing in Tehachapi, California. The subjects were identified, arrested and interviewed with a full confession of the incident. The case resulted in a state prosecution.

6. On or about September 12, 2014, I assisted in the investigation of a laser strike incident involving a green handheld laser device aimed at a Kern County Sheriff's Office Helicopter flying routine patrol in Bakersfield, California. One adult subject was identified and charged federally for violating Title 18, United States Code, Section 39A.

7. I have used handheld laser pointing devices and laser levels used in construction work. I know that the U.S. Food and Drug Administration (FDA) regulates handheld laser devices. I also know that handheld laser devices typically display a danger warning and often have operating instructions to avoid exposing lasers to eyes, as the laser could cause serious injury to the eye. I am also familiar with the public website maintained by the Federal Aviation Administration (FAA) that warns of the hazards and effects of handheld laser devices. That website states that, "Lasers can completely incapacitate pilots who are trying to fly safely to their destinations."

## APPLICABLE LAW

8. This Affidavit is based upon my own personal knowledge of the events set forth herein, as well as information provided to me by other law enforcement personnel. This Affidavit is being submitted in support of the issuance of a complaint and arrest warrant alleging a violation of Title 18, United States Code, Sections 39A.

9. Title 18, United States Code, Section 39A provides, "Whoever knowingly aims the beam of a laser pointer at an aircraft in the special aircraft jurisdiction of the United States, or at the flight path of such an aircraft, shall be fined under this title or imprisoned not more than 5 years, or both."

10. The 'special aircraft jurisdiction of the United States" is defined at Title 49, United States Code, Section 46501(2), and includes the following aircraft in flight:

- a civil aircraft of the United States;
- an aircraft of the United States armed forces; or
- another aircraft in and outside the United States destined for the United States.

11. I have learned the following from investigation, from interviews of contacts, victims, potential witnesses and/or suspects, and my review of law enforcement reports prepared in this case, and from discussion of this case with assisting agents and/or officers. I have detailed only the facts that I believe are necessary and appropriate to establish probable cause in support of a criminal complaint and the issuance of an arrest warrant.

## PROBABLE CAUSE

12. On or about January 28, 2015, at 8:35 p.m.,[1] Pilot Randall Turman and Tactical Flight Officer (TFO) Justin Weidenkopf of the Kern County Sheriff's Office (KCSO) were operating Air-1, a KCSO helicopter, when it was struck by a powerful green laser beam. At the time of the lasing, Air-1 was flying at approximately 401 to 500 feet above ground level (AGL). The aircraft was heading in a

---

[1] All references herein to dates and times are to approximate dates and times.

AFFIDAVIT                                    2

southwest direction from northeast Bakersfield to assist patrol units responding to a call for a robbery and was struck in the area of Sterling Road and Mesa Drive in Bakersfield. The laser beam struck and illuminated the cockpit at the 12 o'clock position from approximately one half mile away from the light source. The airmen pinpointed the source of the laser beam to a residence located at 521 Petunia Street, Bakersfield, California.

13. Pilot Turman immediately banked the helicopter left to avoid the direct, head-on laser illumination, but the beam of the laser continued to follow or track the aircraft.

14. TFO Weidenkopf immediately flipped down his Night Vision Goggles (NVG), which are attached to his helmet and helped minimize the effects of the laser beam. The NVG also allowed TFO Weidenkopf to clearly see the laser beam and trace it to its point of origin. TFO Weidenkopf followed the green beam to an individual standing in the front yard of 521 Petunia Street. TFO Weidenkopf had an unobstructed view of the front yard of the residence.

15. TFO Weidenkopf said as he moved his helmet to look in the direction of the individual he turned his helmet to guide the helicopter's Forward Looking Infra Red (FLIR) to the target subject. TFO Weidenkopf instantly locked onto the subject with the FLIR and began monitoring the subject's movements.

16. TFO Weidenkopf observed one male, later identified as JOSE JAVIER ROSAS, in the front yard of the residence. TFO Weidenkopf saw ROSAS open the driver's side door to a sedan parked in the driveway of the residence and enter it for about one minute. TFO Weidenkopf then observed ROSAS exit the sedan, walking quickly, and enter the backyard through a gate. ROSAS then went to a covered area concealed from the view of the helicopter. TFO Weidenkopf requested assistance form KCSO Patrol Units. TFO Weidenkopf saw no one else in the vicinity of the residence.

17. KCSO deputies were dispatched to that location. Upon the deputies' arrival, Rosas exited the backyard and was detained. TFO Weidenkopf also confirmed that the individual in the backyard was the same person that he had identified as shining the laser. During his detention, he was not handcuffed or restrained in any way. The deputies also did not display any weapons. Rosas consented to a search of the yard.

18. The deputies also made contact with ROSAS' adult son, Alejandro. Alejandro said his father had been in the backyard waving the laser around to amuse his grandson, Alejandro's son. Alejandro indicated that the laser was in the backyard and told the deputies they could search for the laser in the backyard.

AFFIDAVIT                                3

19. The deputies asked ROSAS whether the laser was emitted by a handheld laser device or a firearm. ROSAS said he did not have a laser pointer. As the deputies escorted ROSAS to the backyard, ROSAS said, "It is not a gun[;] it is a laser pointer and it[']s in the tool box." ROSAS then walked up to and pointed to the bottom drawer of the toolbox, where the deputies found a green laser pointer.

20. ROSAS was arrested following the discovery and seizure of the laser pointer. At the Kern County Sheriff's Office Central Receiving Facility, ROSAS was advised of his Miranda rights and agreed to make a statement. He first stated, "I'm so sorry. I'm stupid." Then, he said he had purchased the laser that evening and was playing with it in the front yard. When he saw the helicopter, he pointed it at the aircraft to "see how far this thing would go."

### CONCLUSION

22. Based on the foregoing, I respectfully submit there is probable cause to believe that JOSE JAVIER ROSAS, did knowingly aim the beam of a laser pointer at an aircraft or its flight path, in violation of Title 18, United States Code, Section 39A, and request the issuance of an arrest warrant.

23. Your affiant swears under penalty of perjury that the facts presented are true and accurate to the best of my knowledge

_____
JOSHUA NICHOLSON
Special Deputy U.S Marshal
Federal Bureau of Investigation

SWORN TO BEFORE ME, AND SUBSCRIBED IN MY PRESENCE THIS 12th DAY OF FEBRUARY, 2015.

_____
JENNIFER L. THURSTON
U.S. Magistrate Judge

Reviewed and Approved as to form this
11th Day of February, 2015

/s/ Karen A. Escobar
KAREN A. ESCOBAR
Assistant U.S. Attorney